**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>  ) <br> Plaintiff, ) <br> vs. ) <br>  ) <br> JOSEPH GRIEGO, ) <br>  ) <br> Defendant. ) <br>  ) | Case No.: 2:15-cr-00260-GMN-CWH-1 <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

Pending before the Court is Defendant Joseph Griego's Motion for Sentence Reduction Under Amendment 821, (ECF No. 72). Under General Order 2023-09, the Federal Public Defender's Office was appointed to determine whether Defendant qualified for his requested relief and was required within 30 days of a *pro se* motion for relief under Amendment 821 to file a contested motion, a joint stipulation for a sentence reduction, or a notice of non-eligibility.[1] Here, the FPD's office filed a notice of non-eligibility, explaining that upon review of Defendant's "*pro se* filing" and "additional relevant documents" he "does not qualify for a sentence reduction." (Notice Non-Eligibility 1:17–20, ECF No. 75).

---

[1] The Court entered an Order, (ECF No. 76), requiring the Government to file a response to Defendant's Motion for Sentence Reduction. The Government filed an Objection, contending that the Court's Order contravened General Order 2023-09, "which states that [i]f defense counsel determines that a defendant is ineligible for a sentence reduction under Amendment 821, *the Government does not need to file a response*." (Resp. 2:5–7, ECF No. 78) (quoting General Order 2023-09 at 2) (emphasis in original). The Court respectfully disagrees with the Government's interpretation of General Order 2023-09. General Order 2023-09 makes clear that the Government is not obligated to automatically file a response if defense counsel files a notice of non-eligibility. However, the plain language of General Order 2023-09 neither explicitly constrains nor implicitly precludes the Court from ordering the FPD or Government to submit additional filings, including points and authorities. It remains within the Court's discretion to determine if defense counsel's mere notice of non-eligibility, without explanation, presents sufficient justification to deny a defendant's motion for sentence reduction. The Government is well advised to consider whether continuing to file Objection instead of Responding could be interpreted as a waiver to the Court's decision.

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction Under Amendment 821 because he has not met his burden of showing a reduction is warranted under the amendments to the United States Sentencing Guidelines.

## I. BACKGROUND

On May 17, 2016, Defendant pleaded guilty to Counts 1 and 2 of the Indictment: one count of Interference with Commerce by Robbery (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951(a); and one count of Discharging a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (*See* Mins. Proceedings, ECF No. 41); (J., ECF No. 55). The Court sentenced Petitioner to 26 months custody as to Count 1- and 120-months custody as to Count 2, for a total of 146 months custody, to be followed by 5 years supervised release. (Am. J., ECF No. 56). Defendant subsequently filed the instant Motion for Sentence Reduction Under Amendment 821, (ECF No. 72).

## II. LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). Section 3582(c)(2) establishes an exception to the general of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582. Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines

indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826.  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

### III.    DISCUSSION

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 16, 2024).  Amendment 821 is bifurcated into Parts A and B.  The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

**A.  Part A – Amendment 821**

Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1.  Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points.  Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

Here, Defendant is not eligible for a sentence reduction under Part A because he was sentenced to a term of imprisonment that is lower than his amended guideline range would provide.  Specifically, Defendant had 10 criminal history points at sentencing, placing him in Criminal History Category V. (Def. Sentencing Mem. 2:18–21, ECF No. 47).  With a total offense level of 20, and Criminal History Category of V, Defendant had a guideline range of 63 to 78 months on Count one for Interference with Commerce by Robbery (Hobbs Act Robbery)

in violation of 18 U.S.C. § 1951(a).[2] (PSR ¶ 88).  Retroactively removing one status point because Defendant had over seven criminal history points, he would have a total offense level of 20 and Criminal History Category of IV, giving him an amended guideline range of 51 to 63 months for Count one.  But the Court only sentenced Defendant to 26 months for Count 1, a sentence well beneath even the low end of the amended range. (*See generally* Am. J.).

U.S.S.G. § 1B1.10(b)(2) provides that, except for defendants who received a sentence reduction based on substantial assistance to the United States, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2).  Because the record does not show that Defendant received a sentence reduction based on substantial assistance to the United States, the policy statement precludes any reduction in his sentence. *See United States v. Diaz-Diaz*, No. 19-cr-0187, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023) (holding the policy statement precluded a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 where the defendant's original 72-month sentence was below the low end of the amended range).  Accordingly, a sentence reduction is not warranted under Part A.

### B. Part B – Amendment 821

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses

---

[2] The Court's inquiry is limited to Defendant's sentence on Count 1 because the guideline sentence for Count 2, Discharging a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), required a mandatory minimum term of imprisonment of 120 months, which the Court imposed. (PSR ¶ 88) (citing U.S.S.G. 2K2.4(b); (Am. J.).  When a valid minimum mandatory sentence is imposed, as here, Application Note 1(A) to U.S.S.G. § 1B1.1's Policy Statement is clear that a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is inconsistent with the Policy Statement. *See* U.S.S.G. § 1B1.10 cmt. 1(A); *see also* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  Accordingly, "Amendment 821 has no impact" on Count 2, and the Court "may not disturb the statutory mandatory minimum sentence . . . ." *United States v. Bailey*, No. 19-cr-142, 2024 WL 453619, at *4 (E.D. Pa. Feb. 6, 2024) (citing U.S.S.G. § 1B1.10, Application Note 1(A)).

meet the guideline's criteria." *Diaz-Diaz*, 2023 WL 9040636, at *1; *see also* U.S.S.G. § 4C1.1(a).  Defendant had 10 criminal history points at sentencing. (Def. Sentencing Mem. 2:18–21).  As a result, Defendant does not qualify for Amendment 821's two-level reduction in the offense level and his sentencing range remains unchanged. *Diaz-Diaz*, 2023 WL 9040636, at *1.

In sum, a sentence reduction is not warranted under Parts A and B to Amendment 821. Accordingly, Defendant's Motion for Sentence Reduction is DENIED.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Under Amendment 821, (ECF No. 72), is **DENIED**.

**DATED** this __27__ day of February, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court